# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PROVIDENT BANK,**<br><br>    Appellant,<br><br>    v.<br><br>**CARLOS FARDIN,**<br><br>    Appellee. | Civ. No. 23-02757 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    This matter comes before the court on motion by Provident Bank ("Provident") for leave to appeal an interlocutory order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). For the reasons expressed below, Provident's motion will be **DENIED**.

## I. BACKGROUND

    On October 28, 2022, Fiaca Associates filed a voluntary petition for relief under chapter 11 of the United States Code in New Jersey's Bankruptcy Court. (BK DE 1.)[1] On November 4, 2022, Fiaca Associates commenced an adversary

---

[1]     Certain citations to record are abbreviated as follows:

    "DE" = Docket entry number in this case

    "BK DE" = Docket entry number in the underlying chapter 11 proceeding, Case No. 22-18565-JKS

    "AP DE" = Docket entry number in the underlying adversary proceeding, Adv. Proc. No. 22-1360-JKS

    "Pincus Cert." = Certification in Support of Motion for Leave to Appeal (DE 2, beginning on PageID 8)

    "Mot." = Memorandum of Law in Support of Motion for Leave to Appeal (DE 2, beginning on PageID 235)

    "Opp." = Carlos Fardin's May 22, 2023 letter brief in opposition to Provident Bank's motion (DE 3)

proceeding by filing a complaint against Provident seeking to enforce the terms of a "Forbearance Agreement," as well as collect damages from Provident for slander of title and for tortiously interfering with its contract to sell certain real property located at 525 Route 515, Vernon, New Jersey (the "Vernon Property"). (AP DE 1.)

Three days later, on November 7, 2022, Fiaca Associates filed a motion for authorization to sell the Vernon Property (the "Sale Motion") free and clear of Provident's liens, with a lien to attach subsequently to the sale proceeds, which were proposed to be held by Fiaca Associates pending an adjudication or resolution of the adversary proceeding. (BK DE 14.) On November 30, 2022, Provident filed an objection to the Sale Motion and a cross-motion to dismiss the chapter 11 petition of Fiaca Associates (the "Cross-Motion"), on the grounds, *inter alia*, that Fiaca Associates was not a juridical entity authorized to file a petition in bankruptcy and that its filing was a bad faith effort by the appellee, Carlos Fardin, to insulate his personal assets from creditors. (BK DE 20, 21.)

On December 7, 2022, Provident filed a motion to dismiss the complaint in the adversary proceeding. (AP DE 5.) Shortly thereafter, Provident and Fiaca Associates reached a partial resolution of the Sale Motion and Cross-Motion under which: 1) Carlos Fardin would join in the bankruptcy case as the true debtor and make his personal assets subject to the Bankruptcy Court's jurisdiction, 2) Carlos Fardin would sell the Vernon Property before the end of the year and Provident would receive the entire proceeds, net of real estate taxes and a carve-out for attorney's fees, on account of its claim, and 3) the parties would adjudicate any remaining issues and claims in the pending adversary proceeding. The parties' agreement was memorialized in 1) a Consent Order dated December 20, 2022 (the "Consent Order"), under which Carlos Fardin agreed to join in the bankruptcy case, Provident withdrew its objection to the Sale Motion and its Cross-Motion, and the parties agreed to proceed with litigating the issues in the adversary proceeding (BK DE 30); and 2) a Sale Order dated December 27, 2022, under which the Bankruptcy Court

authorized the sale of the Vernon Property and payment of the net proceeds to Provident (BK DE 32). Provident reports that the sale of the Vernon Property closed on December 30, 2022, at which time Provident received $1,013,298.81 in net proceeds. (Pincus Cert. at 9.)

On April 18, 2023, the Bankruptcy Court heard oral argument on Provident's motion to dismiss the complaint in the adversary proceeding. On April 23, 2023, the Bankruptcy Court entered an order dismissing the second count of the complaint in the adversary proceeding, which asserted a claim for slander of title. (AP DE 15.) Provident now seeks leave to appeal the April 23, 2023 Order to the extent it denied Provident's motion to dismiss the first count, which sought enforcement of the Forbearance Agreement, and the third count, which asserted a claim for tortious interference.

## II. STANDARD OF REVIEW

An order denying a motion to dismiss generally is not immediately appealable. *In re Norvergence, Inc.*, No. ADV 05-2439(RG), 2008 WL 5136842, at *1 (D.N.J. Dec. 5, 2008) (citing *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 05–555, 2007 WL 4462733, at *2 (W.D.Pa. Dec. 19, 2007)). A district court has jurisdiction to hear an interlocutory appeal from a bankruptcy court order. 28 U.S.C. § 158(a). Section 158(a) provides, in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." *Id.* Section 158(a), however, does not identify the standard a district court should use to determine when to grant an interlocutory appeal. *See id.*; *see also FV–1, Inc. v. Kenneth Ingram (In re Kenneth Ingram, Inc.)*, No. 05–5177, 2006 WL 902158, at *2 (D.N.J. Apr.4, 2006). As a result, courts generally apply the approach set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from a district court to a court of appeals. *Truong v. Kartzman*, No. 06–3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007); *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*,

321 B.R. 147, 156 (D.N.J.2005); *Bertoli v. D'Avella (In re Bertoli),* 58 B.R. 992, 995 (D.N.J.1986), *aff'd,* 812 F.2d 136 (3d Cir.1987).

Section 1292(b) provides for an interlocutory appeal, provided certain prerequisites are met:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, to merit a Section 1292(b) certification, the movant must show that there is 1) a controlling question of law, 2) as to which there is substantial ground for difference of opinion, and 3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Norvergence,* 2008 WL 5136842, at *2 (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *Truong*, 2007 WL 1816048, at *2; and *In re Bertoli*, 58 B.R. at 995). The decision to grant certification is within the district court's discretion, even if all three criteria are present. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976). Section 1292(b) certification should be allowed rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quotation and citation omitted); *see also Truong*, 2007 WL 1816048, at *2. The party seeking an interlocutory appeal must show that the Section 1292(b) criteria are met. *See In re Norvergence,* 2008 WL 5136842, at *2 (citing *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D.Pa. 2007)).

In addition to satisfying the Section 1292(b) criteria, a party seeking an interlocutory appeal from a bankruptcy court order must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Truong*, 2007 WL

1816048, at *2 (quotation and citation omitted); *see also Patrick*, 366 B.R. at 387 n. 6.

### III.  DISCUSSION

By its motion for leave to appeal, Provident seeks the opportunity to contest the Bankruptcy Court's ruling in the underlying adversary proceeding that Fardin, now standing in the shoes of Fiaca Associates as the proper debtor, successfully stated claims against Provident for equitable estoppel and tortious interference. Provident says that the Bankruptcy Court's decision was flawed because the Bankruptcy Court "ignored the pleading requirement" for each of these claims. (Mot. at 9-10.) Provident argues that for an equitable estoppel claim to survive a motion to dismiss, a plaintiff must allege "wrongful conduct in the vein of a misrepresentation or omission," and for a tortious interference claim to survive a motion to dismiss, a plaintiff must allege "malice" on the part of the defendant. (*Id.* at 9-10, 12-13.) According to Provident, because Fardin's complaint does not allege any misrepresentation, omission, or malice, the Bankruptcy Court erred when it declined to dismiss these claims.

Because Provident has not shown that the Bankruptcy Court's decision involves 1) a controlling question of law, 2) as to which there is substantial ground for difference of opinion, and 3) an immediate appeal may materially advance the ultimate termination of the litigation, *In re Norvergence,* 2008 WL 5136842, at *2, I decline to exercise my discretion to certify the Bankruptcy Court's decision for appeal. In the following discussion, I address each of the Section 1292(b) factors and elaborate as to why they are not satisfied here.

### a.  Controlling Question of Law as to which there is Substantial Ground for Difference of Opinion (Factors 1 and 2)

Provident has not presented a controlling question of law as to which there is substantial ground for difference of opinion.

A controlling question of law, for Section 1292(b) purposes, is "every order which, if erroneous, would be reversible error on final appeal." *Katz,* 496

5

F.2d at 755; *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp.2d 355, 358 (D.N.J.2001). Section 1292(b) does not require that reversal of the order would terminate the litigation or that the order be on the merits. *Katz*, 496 F.2d at 755. "Controlling" requires the lesser showing of the issue's being "serious to the conduct of the litigation, either practically or legally." *Id.* From the practical standpoint, saving the district court's time and the litigants' expenses is "a highly relevant factor." *Id.*

A substantial difference of opinion, the second Section 1292(b) factor, "must arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt.*, 161 F. Supp.2d at 360; *Kapossy*, 942 F. Supp. at 1001. Mere disagreement with the district court's ruling is not a "substantial ground for difference of opinion" for Section 1292(b) purposes. *Kapossy*, 942 F. Supp. at 1001; *Hulmes v. Honda Motor Co.*, Ltd., 936 F. Supp. 195, 208 (D.N.J.1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998). And generally, the difference of opinion must pose a legal issue of a kind that could typically be resolved by an appellate court; "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." *Truong*, 2007 WL 1816048, at *3.

Provident asserts that its appeal would present two controlling issues of law: 1) whether the standard for stating an equitable estoppel claim requires allegations of wrongful conduct or whether it is sufficient that the defendant "acted passively," and 2) whether a claim for tortious interference may be sustained in the absence of specific allegations of malice. (Mot. at 12-13.) Neither of these issues satisfies the first two factors under Section 1292(b). To be sure, the Bankruptcy Court's partial denial of Provident's motion to dismiss is an "order which, if erroneous, would be reversible error on final appeal," *Katz*, 496 F.2d at 755, but the issues Provident seeks to certify on appeal are not controlling questions of law as to which there is substantial ground for difference of opinion. In proposing these issues for certification, Provident merely dresses up its disagreement with the Bankruptcy Court's application of these standards as a legal challenge to the standards themselves.

6

First, with respect to equitable estoppel, Provident argues that "the State of New Jersey appears to require an allegation of glaring inequitable conduct along the lines of a misrepresentation or omission." That formulation is contradicted by the very authority on which Provident relies. (Mot. at 12 (citing *Carlsen v. Masters, Mates & Pilots Pension Plan Trust*, 80 N.J. 334, 339 (1979); and *Foley Mach. Co. v. Amland Contractors, Inc.*, 209 N.J. Super. 70, 75–76 (App. Div. 1986)).) Indeed, the court in *Carlsen* upheld an equitable estoppel claim based on the plaintiff's justifiable reliance on the enforceability of an agreement after a nominal default was followed by the defendant's silence:

> [T]he Court finds that Defendant by his actions and behavior implied a continuing contractual relationship without any indication of dissatisfaction, concerns or possible breach by Plaintiff until after approximately one year into the contract. Due to Plaintiff's reliance upon Defendant's conduct of silence and alluding acceptance, Plaintiff expended funds in excess of $30,000 to employ experts, legal witnesses and procure architectural and engineering analysts in order to obtain site plan approval and variances. Such reliance by a party who in good faith was led to change his position to his detriment is entitled, through the equity power of this Court, to estop the inducing party from asserting rights which otherwise may have existed.

*Carlsen*, 80 N.J. at 339. 28 U.S.C. § 1292(b). It is true, of course, that the Bankruptcy Court declined to dismiss Fardin's equitable estoppel claim. It did not do so, however, based on its misunderstanding as to whether an equitable estoppel claim can be based on allegations that the defendant "acted passively." The issue posed by Provident here cannot be said to "arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 360.

Second, with respect to tortious interference, Provident's argument that "prevailing precedent requires . . . specific allegations of malice" similarly fails. (Mot. at 13 (citing *DiMaria Const., Inc. v. Interarch*, 351 N.J. Super. 558, 567 (App. Div. 2001) (citing *MacDougall v. Weichert*, 144 N.J. 380, 404 (1996)), *aff'd*, 172 N.J. 182 (2002))). To begin with, the "prevailing precedent" Provident

7

cites involve challenges to the sufficiency of the evidence, not any threshold requirement for "specificity" in pleading malice. In the *DiMaria* case, the appeals court in New Jersey considered, following a jury verdict, whether "the trial judge erred in refusing to dismiss the tortious interference . . . claim," given that "there was insufficient evidence from which the jury could conclude that [the defendants] acted with malice." *Id.* After defining "malice" to mean that the alleged interference was "inflicted intentionally and without justification or excuse," the appeals court affirmed the judgment below, holding that, based on the evidence presented, "the jury could have reasonably concluded that defendants acted with malice." *Id.*[2]

These holdings do not raise any concern with this Court that the Bankruptcy Court was unaware of the requirement of malice or that it applied the wrong pleading standard when it denied Provident's motion to dismiss Fardin's tortious interference claim. In fact, the *DiMaria* case makes clear that the "malice" element of a tortious interference claim is inextricably linked to factual questions surrounding a defendant's intent, and "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." *Truong*, 2007 WL 1816048, at *3.

Given that neither issue Provident seeks to litigate on appeal is a controlling question of law as to which there is substantial ground for difference of opinion, the first and second Section 1292(b) factors are not met.

### b. Materially Advance the Termination of Litigation (Factor 3)

Granting Provident leave to appeal the Bankruptcy Court's April 23, 2023 Order would not materially advance the litigation. A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive. *In re Norvergence,* 2008

---

[2]   Indeed, at the pleading stage, even the heightened standards for pleading fraud allow that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

WL 5136842, at *2 (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp.2d 603, 613 (E.D. Pa. 2008)). One critical factor is whether the interlocutory appeal will *itself* create undue delay. *See Hulmes*, 936 F. Supp. at 212 (noting that "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)).

Provident fails to demonstrate that an interlocutory appeal would bring about any gain in efficiency. If the ruling were affirmed, of course, nothing but delay would have been accomplished. *See Truong*, 2007 WL 1816048, at *3. An interlocutory appeal would only materially advance the ultimate termination of litigation if the Bankruptcy Court were reversed on appeal. *See Hulmes*, 936 F. Supp. at 208. Considering Provident's failure to identify any controlling law that the Bankruptcy Court may have incorrectly applied (*see* Section III.a, *supra*), I find that a substantial delay, without any offsetting benefit, would be the more likely outcome. Therefore, the third Section 1292(b) factor is not satisfied either.

\*    \*    \*

In sum, Provident has not satisfied the three Section 1292(b) factors, nor has it shown "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Truong*, 2007 WL 1816048, at *2 (quotation and citation omitted). This Court therefore will not authorize an interlocutory appeal from the Bankruptcy Court's April 23, 2023 Order.

### IV.   CONCLUSION

For the reasons set forth above, Provident's motion for leave to appeal the Bankruptcy Court's April 23, 2023 Order is **DENIED**. An appropriate order follows.

Dated: July 13, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**